FILED

FEB 17 2011

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 1:11-CR-07-MHT |
| v. ) | |
| ) | [Ct. 1: 31 U.S.C. § 5324(a)(3); |
| PATRICIA ERVIN ) | Ct. 2: 18 U.S.C. § 371; |
| and ) | Cts. 3-5: 26 U.S.C. § 7201 & 18 U.S.C. § 2] |
| MONTY ERVIN ) | |
| ) | |
| Defendants ) | **SUPERSEDING INDICTMENT** |

The Grand Jury charges that:

## INTRODUCTION

At times relevant to this Indictment:

1. PATRICIA ERVIN and MONTY ERVIN, defendants herein, were married, and resided in Dothan, Alabama, within the Middle District of Alabama.

2. Between 1997 and 2006, PATRICIA ERVIN and MONTY ERVIN owned and managed Southern Realty & Property Management, LLC ("Southern Realty"), a property management company located at 400 West Washington Street, Dothan, Alabama. Southern Realty received substantial amounts of rental income each month, including cash payments. On or about December 31, 2006, PATRICIA ERVIN and MONTY ERVIN dissolved Southern Realty. Southern Realty did not file a U.S. Corporation Income Tax Return, Form 1120, for the 2005 and 2006 tax years.

3. On or about August 14, 2006, PATRICIA ERVIN and MONTY ERVIN signed an agreement that created Southern Rental Property Management LLC, a property management company located at 400 West Washington Street, Dothan, Alabama. PATRICIA ERVIN and MONTY ERVIN both owned and managed Southern Rental Property Management LLC.

4.     On or about November 6, 2006, PATRICIA ERVIN and MONTY ERVIN organized Island Waves, LLC, in New Mexico. PATRICIA ERVIN and MONTY ERVIN were the managing members of Island Waves, LLC.

5.     PATRICIA ERVIN and MONTY ERVIN have not filed a U.S. Individual Income Tax Return, IRS Form 1040, from 2000 through 2008.

6.     Title 31, United States Code, Section 5313 and the regulations promulgated thereunder require any financial institution that engages in a currency transaction (*e.g.*, a deposit or withdrawal) in excess of $10,000 with a customer to report the transaction to the United States Department of the Treasury by filing a Currency Transaction Report ("CTR"). Structuring cash deposits to avoid triggering the filing of a CTR by a financial institution is prohibited by Title 31, United States Code, Section 5324(a).

7.     The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

## COUNT ONE
(Structuring Transactions to Avoid Reporting Requirements)

1.     The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.     From on or about February 3, 2006 through on or about February 10, 2006, as set forth below, in Houston County, in the Middle District of Alabama, defendant PATRICIA ERVIN did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure a transaction with a domestic financial institution, to

wit, MidSouth Bank in Dothan, Alabama. During that time period, PATRICIA ERVIN made, and caused to be made, cash deposits totaling $39,513 in individual amounts of $10,000 or less to avoid the filing of a Currency Transaction Report:

| Paragraph | Date of Deposit | Deposit Amount |
|---|---|---|
| 3. | February 3, 2006 | $9,970 |
| 4. | February 6, 2006 | $9,847 |
| 5. | February 8, 2006 | $9,813 |
| 6. | February 10, 2006 | $9,883 |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22.

## COUNT TWO
(Conspiracy to Defraud the United States)

1.  The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.  From on or about November 1, 2000, the exact date being unknown to the Grand Jury, and continuing to the date of this Indictment, in the Middle District of Alabama and elsewhere, defendants PATRICIA ERVIN and MONTY ERVIN unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes.

## MANNER AND MEANS

3.   To accomplish the objects of this scheme, PATRICIA ERVIN and MONTY ERVIN used the following manners and means, among others:

4.   PATRICIA ERVIN and MONTY ERVIN would and did purchase, hold, and sell property in the names of nominees.

5.   PATRICIA ERVIN and MONTY ERVIN would and did cause to be prepared false notarized warranty deeds to facilitate the transfer of property held in the names of nominees.

6.   PATRICIA ERVIN and MONTY ERVIN would and did direct rental income from properties they held in the names of nominees to be paid to Southern Realty.

7.   PATRICIA ERVIN would and did structure, and assist in structuring, cash deposits into Southern Realty's bank accounts.

8.   PATRICIA ERVIN and MONTY ERVIN would and did take steps to obstruct the IRS in its attempt to assess and collect federal income taxes including sending correspondence intended to impede the IRS in its investigation.

## OVERT ACTS

9.   In furtherance of the conspiracy, and to effect the objects thereof, PATRICIA ERVIN and MONTY ERVIN committed the overt acts listed below, among others, within the Middle District of Alabama, and elsewhere:

10.   On or about the dates listed below, PATRICIA ERVIN and MONTY ERVIN purchased and placed assets in the names of the nominees:

| OVERT ACT | DATE | PROPERTY | NOMINEE TRUST | NOMINEE TRUSTEE |
|---|---|---|---|---|
| 10-1 | 11/02/00 | 75 Fain Street | Life Line Holdings | Jeff Hargett |
| 10-2 | 12/06/00 | Colonial Shores, Unit 109 | Star Brite Investment | Jack Rudy |
| 10-3 | 2/14/01 | Ambassador Beach, Unit 228 | Star Brite Investment | Jack Rudy |
| 10-4 | 2/14/01 | Ambassador Beach, Unit 230 | Star Brite Investment | Jack Rudy |
| 10-5 | 6/21/01 | 80 Nomberg Road | Nebo Holdings | M.C. Spann |
| 10-6 | 10/30/02 | 212 Dahlia Drive | Earthie Farms Holdings | Milissa Scott |

11. On or about June 15, 2001, MONTY ERVIN entered into a management agreement that directed rental income derived from properties owned by Nebo Holdings Trust to be collected by Southern Realty.

12. On or about July 3, 2002, MONTY ERVIN entered into a management agreement that directed rental income derived from properties owned by Earthie Farm Holdings Trust to be collected by Southern Realty.

13. On or about the dates listed below, PATRICIA ERVIN and MONTY ERVIN caused to be prepared false notarized warranty deeds to facilitate the transfer of property held in the names of the nominees:

| OVERT ACT | DATE | PROPERTY | NOMINEE TRUST | NOMINEE TRUSTEE |
|---|---|---|---|---|
| 13-1 | 2/04/2004 | Ambassador Beach, Unit 228 | Star Brite Investment | Jack Rudy |

| 13-2 | 2/04/2004 | Ambassador Beach, Unit 230 | Star Brite Investment | Jack Rudy |
| 13-3 | 12/28/2005 | 212 Dahlia Drive | Earthie Farms Holdings | Milissa Scott |
| 13-4 | 05/09/2006 | Colonial Shores, Unit 109 | Star Brite Investment | Jack Rudy |

14. On or about the dates listed below, PATRICIA ERVIN and MONTY ERVIN caused the sales proceeds of properties they held in the names of the nominees to be deposited into Southern Realty's bank accounts:

| OVERT ACT | DATE OF CHECK | PROPERTY | NOMINEE TRUST | AMOUNT |
|---|---|---|---|---|
| 14-1 | 2/09/04 | Ambassador Beach, Unit 228 | Star Brite Investment | $118,095.05 |
| 14-2 | 2/09/04 | Ambassador Beach, Unit 230 | Star Brite Investment | $118,259.90 |
| 14-3 | 11/01/05 | 75 Fain Street | Life Line Holdings | $54,761.31 |
| 14-4 | 12/27/05 | 212 Dahlia Drive | Earthie Farms Holdings | $65,774.91 |
| 14-5 | 5/11/06 | Colonial Shores, Unit 109 | Star Brite Investment | $257,833.92 |
| 14-6 | 5/17/06 | 80 Nomberg Road | Nebo Holdings | $50,314.96 |

15. On or about the dates and in the amounts listed below, PATRICIA ERVIN and MONTY ERVIN drew funds from Southern Realty's bank accounts to purchase Celadon Beach Condominium, Units 104 and 107:

| OVERT ACT | DATE OF CHECK | AMOUNT |
|---|---|---|
| 15-1 | 2/11/2004 | $96,745.00 |
| 15-2 | 5/6/2004 | $5,995.56 |

| 15-3 | 5/6/2004 | $5,730.06 |

16. On or about the dates and in the amounts listed below, PATRICIA ERVIN and MONTY ERVIN drew funds from Southern Realty's bank accounts to purchase Sunrise Beach Condominium, Unit 1805:

| OVERT ACT | DATE OF CHECK | AMOUNT |
|---|---|---|
| 16-1 | 9/30/2005 | $150,000.00 |
| 16-2 | 9/30/2005 | $125,000.00 |
| 16-3 | 10/24/2005 | $75,000.00 |

17. On or about the dates and in the amounts listed below, PATRICIA ERVIN and MONTY ERVIN drew or caused to be drawn funds from Southern Realty's and Southern Rental's bank accounts to purchase Bella Riva Condominium, Unit 205, in the name of a nominee, Island Waves, LLC:

| OVERT ACT | DATE OF CHECK | AMOUNT |
|---|---|---|
| 17-1 | 3/26/2005 | $50,000.00 |
| 17-2 | 5/16/2005 | $200,000.00 |
| 17-3 | 5/16/2005 | $9,980.00 |
| 17-4 | 5/19/2006 | $257,833.92 |
| 17-5 | 6/21/2006 | $86,000.00 |
| 17-6 | 7/31/2006 | $105,000.00 |
| 17-7 | 11/7/2006 | $97,329.22 |
| 17-8 | 12/11/2006 | $94,528.69 |

18. From on or about February 3, 2006 through on or about February 10, 2006, as set forth below, PATRICIA ERVIN structured and assisted in structuring a transaction with

MidSouth Bank in Dothan, Alabama by making and causing to be made cash deposits totaling $39,513 in individual amounts of $10,000 or less to avoid the filing of a Currency Transaction Report:

| DATE OF DEPOSIT | DEPOSIT AMOUNT |
|---|---|
| February 3, 2006 | $9,970 |
| February 6, 2006 | $9,847 |
| February 8, 2006 | $9,813 |
| February 10, 2006 | $9,883 |

19. On or about April 20, 2006, PATRICIA ERVIN and MONTY ERVIN transferred title of Sunrise Beach Condominium, Unit 1805, to "PC-Four #1805 Holdings Trust, Milissa Scott trustee."

20. On or about August 14, 2006, PATRICIA ERVIN and MONTY ERVIN signed an agreement forming Southern Rental Property Management LLC.

21. On or about August 18, 2006, PATRICIA ERVIN transferred title of Celadon Beach Condominium, Unit 104, to "Coastal Sail Holdings trust, Milissa Scott trustee."

22. On or about August 18, 2006, PATRICIA ERVIN transferred title of Celadon Beach Condominium, Unit 107, to "Blue Gulf Investments trust, Milissa Scott trustee."

23. On or about December 31, 2006, PATRICIA ERVIN and MONTY ERVIN signed a document dissolving Southern Realty.

24. On or about April 11, 2007, PATRICIA ERVIN and MONTY ERVIN titled Bella Riva Condominium, Unit 205, in the name of a nominee, "Island Waves, LLC."

25. On or about November 14, 2007, MONTY ERVIN attempted to pay tax liabilities to the IRS with a fictitious instrument in the amount of $1 million dollars and titled "Bond with Promissory Note for Offset for the Discharge of Claim Number 7105 5678 7180 3304 4764."

26. On or about September 29, 2008, MONTY ERVIN sent correspondence to the IRS in which he warned the special agent that the special agent may be in violation of federal law for criminally investigating defendants MONTY ERVIN and PATRICIA ERVIN.

27. On or about February 12, 2009, MONTY ERVIN sent correspondence to the IRS in which he threatened a special agent with "jail time," a "money penalty" and "dismissal from service" for speaking with MONTY ERVIN'S friends, relatives, acquaintances, or anyone with whom MONTY ERVIN ever did business.

28. From December 2008 through May 2009, the exact dates being unknown to the Grand Jury, PATRICIA ERVIN and MONTY ERVIN required tenants to pay rent with silver instead of United States currency.

All in violation of Title 18, United States Code, Section 371.

## COUNT THREE
(Tax Evasion)

1. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. During the calendar year 2004, defendants PATRICIA ERVIN and MONTY ERVIN had and received taxable income; that upon said taxable income there was owing to the United States of America an income tax; that well-knowing and believing the foregoing facts, defendants PATRICIA ERVIN and MONTY ERVIN, on or about April 15, 2005, did willfully attempt to evade and defeat the income tax due and owing by them to the United States of

America for calendar year 2004 by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income taxes due and owing by them, and by, among other things, committing the following acts:

      A.      Directing third-parties to make payments to nominees;

      B.      Placing income and assets into the names of nominees.

All in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

### COUNT FOUR
(Tax Evasion)

1. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. During the calendar year 2005, defendants PATRICIA ERVIN and MONTY ERVIN had and received taxable income; that upon said taxable income there was owing to the United States of America an income tax; that well-knowing and believing the foregoing facts, defendants PATRICIA ERVIN and MONTY ERVIN, on or about April 15, 2006, did willfully attempt to evade and defeat the income tax due and owing by them to the United States of America for calendar year 2005 by failing to make an income tax return on or before April 15, 2006, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income taxes due and owing by them, and by, among other things, committing the following acts:

      A.      Directing third-parties to make payments to nominees;

      B.      Placing income and assets into the names of nominees.

All in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

### **COUNT FIVE**
(Tax Evasion)

1. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. During the calendar year 2006, defendants PATRICIA ERVIN and MONTY ERVIN had and received taxable income; that upon said taxable income there was owing to the United States of America an income tax; that well-knowing and believing the foregoing facts, defendants PATRICIA ERVIN and MONTY ERVIN, on or about April 17, 2007, did willfully attempt to evade and defeat the income tax due and owing by them to the United States of America for calendar year 2006 by failing to make an income tax return on or before April 17, 2007, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income taxes due and owing by them, and by, among other things, committing the following acts:

    A. Directing third-parties to make payments to nominees;

    B. Placing income and assets into the names of nominees.

All in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

A TRUE BILL:

*Dussie Jackson*
Foreperson

*W. B. Woodall*
Brent Woodall
Assistant United States Attorney

*[signature]*
Michael Boteler
Justin K. Gelfand
Trial Attorneys
United States Department of Justice
Tax Division