IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:11cr7-MHT |
| PATRICIA ERVIN | ) | (WO) |

OPINION AND ORDER

This cause is before the court on defendant Patricia Ervin's motion to continue made on March 11, 2011. The government has joined Ervin's motion. For the reasons set forth below, the court finds that jury selection and trial, now set for May 16, 2011, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Ervin in a speedy trial. Both Ervin and the government represent that the case involves

particularly complex questions of tax law, requiring consultation with tax specialists. On March 2, 2011, the government added four additional tax charges in a superseding indictment. Furthermore, the parties state that the government has produced between 45,000 and 63,000 documents in discovery. These documents involve detailed analyses of Ervin's financial accounts obtained over the course of a decade. Ervin represents that she cannot sufficiently review these documents prior to the current trial date.

Accordingly, it is ORDERED as follows:

(1) Defendant Patricia Ervin's motion for continuance (Doc. No. 15) is granted.

(2) The jury selection and trial, now set for May 16, 2011, are reset for October 24, 2011, at 10:00 a.m., at the federal courthouse in Dothan, Alabama.

DONE, this the 24th day of March, 2011.

　　　　　　　　　　　　　　　/s/ Myron H. Thompson　　
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**