IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:11cr7-MHT |
| **PATRICIA ERVIN** | ) | (WO) |

## OPINION AND ORDER

Defendants Patricia Ervin and Monty Ervin have been charged with tax evasion, conspiracy to defraud the federal government, and structuring financial transactions to avoid federal reporting requirements. This matter is before the court on Ms. Ervin's motion to strike surplus language from the indictment. For the reasons below, the motion will be denied, albeit without prejudice.

I.

On February 17, 2011, the government named the Ervins in a five-count superseding indictment. Count one charges Ms. Ervin with intentionally structuring bank

transactions to avoid federal reporting requirements, in violation of 31 U.S.C. § 103.22.  Count two charges both Ervins with conspiring to defraud the Internal Revenue Service and impede the collection of federal income taxes, in violation of 18 U.S.C. § 371.  They are also charged in counts three through five with evading tax liability by intentionally failing to file income tax returns for calendar years 2004-2006, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.  According to the indictment, the Ervins were a married couple at the time of the alleged wrongdoing.

II.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "Upon the defendant's motion, the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not

relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (internal quotations and citation omitted); see also United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) ("If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.").

Thus, to prevail in a motion to strike surplusage, a defendant must make two showings. First, the contested portions of the indictment must be irrelevant to the charged crimes. Awan, 966 F.2d at 1426. If the first burden is met, the defendant must also show that the challenged language is unfairly prejudicial or inflammatory. Id.

Ms. Ervin contends that language from five parts of the indictment should be struck as surplusage. As explained below, her argument fails because all of the

3

challenged language is relevant to the government's charges.

First, Ms. Ervin objects to the indictment's description of her as married to co-defendant Monty Ervin. Ms. Ervin argues that her marital status is not an element of any charge and will unfairly prejudice the jury's assessment of her involvement in the alleged conspiracy.

Ms. Ervin's analysis errs because marital status need not be an element of an offense to be relevant. Here, it appears from the indictment that the fact that the Ervins were married at the time of the alleged crimes is relevant. In order to prove that the Ervins committed tax evasion, the government must prove the existence of a tax deficiency beyond a reasonable doubt. <u>Boulware v. United States</u>, 552 U.S. 421, 424 (2008). It appears that evidence of the Ervins' marital status may be not only relevant but necessary to determine the extent of alleged

tax liability.  See 26 U.S.C. § 1 (outlining different tax rates for married and unmarried individuals).

Furthermore, it appears that the Ervins' spousal relationship may be relevant to the government's conspiracy charge.  The indictment alleges a series of financial and real estate transactions performed in both the Ervins' names or under their joint direction.  It is well established that an intimate relationship with an alleged conspirator may be probative of knowing, voluntary participation in a conspiracy, though such a relationship may not be the sole source of evidence.  See United States v. Mateos, 623 F.3d 1350, 1365 (11th Cir. 2010); United States v. Ritz, 548 F.2d 510, 522 (5th Cir. 1977).  Appropriately crafted jury instructions sufficiently limit the risk of prejudice by admonishing jurors to evaluate each defendant's conduct separately.  See United States v. Smith, 918 F.2d 1551, 1561 (11th Cir. 1990).  It appears that the Ervins' marital

relationship may be relevant to the government's charges and need not be stricken from the indictment.

Ms. Ervin also objects to four allegations under the indictment's conspiracy count.  Among other claims, the government charges that Mr. Ervin attempted to pay one million dollars in tax liability with a false instrument; that he wrote a federal agent to declare that any investigation of the Ervins would be unlawful; and that he threatened the agent with fines and imprisonment if the agent communicated with the Ervins' associates.  In addition, the indictment alleges that, for a six-month period, the Ervins required their tenants to pay rent with silver instead of United States currency.  Ms. Ervin contends that each of these accusations is inflammatory and irrelevant and does not constitute an element of any charged offense.

Ms. Ervin's objection is without merit.  "The elements of a conspiracy under 18 U.S.C. § 371 are (1) an agreement among two or more persons to achieve an

unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement." United States v. Hasson, 333 F.3d 1264, 1270 (11th Cir. 2003). In count two of the indictment, the government charges that the Ervins conspired "for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes." Superseding Indictment, Count Two, ¶ 2 (Doc. No. 1). Each of the allegations that Ms. Ervin disputes constitute overt acts in furtherance of a purported scheme to obstruct and impede tax collection by the federal government. As such, the allegations appear relevant to the charged offense under § 371 and should not be stricken from the indictment.

Admittedly, a trial court may "reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the

7

allegedly surplus language." Awan, 966 F.2d at 1426. Here, the challenged language appears relevant on its face to the charged offenses. Nevertheless, Ms. Ervin's motion will be denied without prejudice so that she may may renew the motion if the government fails to establish the relevance of the contested allegations at trial.

***

Accordingly, it is ORDERED that defendant Patricia Ervin's motion to strike surplusage (Doc. No. 37) is denied without prejudice.

DONE, this the 6th day of April, 2011.

                                                                               /s/ Myron H. Thompson
                                            UNITED STATES DISTRICT JUDGE