IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:11cr007-MHT |
| | ) | |
| PATRICIA ERVIN | ) | |

**REPORT AND RECOMMENDATIONS**

Before the Court is Defendant's Motion to Dismiss Indictment (Doc. #35) and the Government's Response (Doc. #54) in opposition. For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendant's Motion be DENIED.

**I.   BACKGROUND**

On January 13, 2011, Defendant was indicted on one count charging that

> [f]rom on or about February 3, 2006 through on or about February 10, 2006, . . . PATRICIA ERVIN did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, assist in structuring, and attempt to structure a transaction with a domestic financial institution, to wit, MidSouth Bank in Dothan, Alabama. During that time period, PATRICIA ERVIN made, and caused to be made, cash deposits totaling $39,513 in individual amounts of $10,000 or less to avoid the filing of a Currency Transaction Report[.] . . . All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.22.

Indictment (Doc. #1). On February 17, 2011, Defendant was charged in a Superseding Indictment (Doc. #21) which, in pertinent part, restated Count One of the original Indictment and further charged her with conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (Count Two), and tax evasion, and aiding and abetting the same, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2 (Counts Three through Five). Defendant filed the

instant motion on March 11, 2011. Pursuant to this Court's Order (Doc. #41), the United States filed its Response (Doc. #54) on April 1, 2011. Defendant has not filed a reply to the Government's Response.

## II.   DEFENDANT'S ARGUMENT

Defendant proffers several bases for dismissal of the Indictment, arguing as follows: 1) the "Indictment fails to state a cause of action or offense;" 2) the "Indictment contains a duplicity of counts;" 3) "[e]ach count contains a multiplicity of offenses and are improperly joined;" 4) "Count Two fails to state any federal statute that the Defendant allegedly conspired to commit with the alleged co-conspirator, Monte Ervin;" 5) "Count Two appears to contain a multiplicity of counts and a misjoinder of counts by improperly alleging a conspiracy to improperly structure cash payments with some other unknown, unalleged and unspecified federal statu[te]s of and concerning the federal tax laws;" 6) "Count Two contains a misjoinder of counts, is ambiguous, confusing and misleading in that the government fails to state how and in what manner the references to the overt acts contained in paragraphs 13 through 17 relate to the allegation of structuring in violation of Title 31 § 5324(a)(3) and Title 31, Code of Federal Regulations § 103.22;" 7) the "Indictment contains a misjoinder of offenses in violation of Rule 8(a) of the Federal Rules of Criminal Procedure;" 8) the "Indictment contains a misjoinder of parties in violation of Rule 14 of the Federal Rules of Criminal Procedure;" 9) "Count Two is fundamentally flawed and constitutionally vague for failure to allege the specific criminal offense for which the Defendant is accused of having conspired to violate;" 10) "[f]or aught it appears the

2

Superseding Indictment adding new charges to the existing Indictment increases the potential penalty and violates the due process clause of the United States Constitution because, from the face of the Indictment, it is obvious that the Government obtained the new charges out of vindictiveness;" and 11) the "Superseding Indictment broadens the alleged conspiracy to a period of 11 years, allegedly having begun on November 1, 2000, and continued until February 17, 2011. Such a time period is overly broad, impossible to defend and prejudicial to the Defendant." Motion (Doc. #35) at 1-2.

The "Memo Brief" section of Defendant's Motion presents argument only as to the following of Defendant's claims: 1) failure to state a cause of action; 2) duplicity; 3) joinder; and 4) misjoinder of parties. Motion (Doc. #35) at 2-7.

### III. DISCUSSION

#### A. Whether the Indictment fails to state a cause of action.

Defendant claims that Count Two fails to state a cause of action because, in charging a conspiracy to defraud the United States, the Indictment fails to refer "to any specific IRS criminal statute" that is alleged to have been violated. Motion (Doc. #35) at 3. Defendant contends this purported "broad, vague reference to the IRS laws prejudices the Defendant because (1) she is not able to know exactly what to defend against; (2) she cannot obtain adequate assistance of counsel and (3) she runs the risk of double jeopardy by being charged in additional subsequent offenses." *Id.* at 3-4. She further argues that she is "unduly prejudiced by having to guess which federal law [she] is alleged to have conspired to violate." *Id.* at 4. In response, the United States argues that Defendant's claim appears

predicated on a misunderstanding of Count Two and that, in any event, Count Two sufficiently alleges an offense for purposes of assessing the sufficiency of the Indictment.

"In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). "An indictment is considered legally sufficient if it: '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)).

Eighteen U.S.C. § 371 criminalizes any conspiracy to "commit any offense against the United States, or to defraud the United States . . . ." "The statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation." *United States v. Harmas*, 974 F.2d 1262, 1266 (11th Cir. 1992). It is the second prong of the statute's charging language, dealing with alleged conspiracies to defraud, which is the basis of Count Two. Defendant cites no legal authority for her apparent position that an allegation of conspiracy to defraud the Untied States must include a reference to a particular criminal statute which is alleged to have been violated. Indeed, the Eleventh Circuit Court of Appeals has previously "held it permissible to prosecute under . . . the defraud clause . . . regardless of whether there was a specific statute describing the conduct

4

alleged in the conspiracy . . . ." *Id*. Accordingly, any argument that Count Two is insufficient because it fails to refer to a particular criminal statute covering the subject of the alleged unlawful conspiracy to defraud is without merit.

As to whether Count Two sufficiently states a claim, the Eleventh Circuit has articulated three essential elements required to be proven in order to sustain a conviction under § 371: "(1) the *existence of an agreement* to achieve an unlawful objective; (2) the defendants' *knowing and voluntary* participation in the agreement; and (3) the *commission of an act* in furtherance of the agreement." *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998) (emphasis in original). Upon review of the Superseding Indictment, the undersigned finds that Count Two adequately states these essential elements of an alleged conspiracy to defraud. The Superseding Indictment (Doc. #21) clearly alleges the existence of an agreement (*see* pg. 3), Defendant's knowing and voluntary participation in the agreement (*see* pgs. 3-4), and the commission of numerous acts in furtherance of the conspiracy by Defendant and her co-Defendant (*see* pgs. 4-9). The undersigned further finds that the language of Count Two sufficiently notifies Defendant of the charge against her and enables her to rely upon a judgment against her as to Count Two as a bar against double jeopardy for any subsequent prosecution of the offense described in Count Two.[1] Because

---

[1] Defendant's professed concern that the purported vagueness or insufficiency of Count Two renders her unable to know what she must defend against or obtain the assistance of counsel could possibly be addressed by the filing of a motion for bill of particulars. *See United States v. Archibald*, 212 F. App'x 788, 794 n.2 (11th Cir. 2006) ("As a final matter, we note that Archibald's counsel could have moved for a bill of particulars to clarify the allegations set forth in the indictment, if he believed such a clarification was necessary to prepare his defense."). Defendant has not filed such a motion in this case.

Count Two is sufficient on its face to charge Defendant with the crime of conspiring to defraud the United States, Defendant's motion to dismiss based on the sufficiency of Count Two is due to be denied.

### B. Whether the Superseding Indictment is duplicitous.

Defendant argues that "Counts One and Two are duplicitous for charging two or more separate and distinct crimes in a single count." Def.'s Mot. (Doc. #35) at 4. In support, Defendant asserts that "Count One alleges four separate dates that the Defendant allegedly made four separate cash deposits." *Id.* at 5. Defendant does not particularize any argument about purported duplicity in Count Two. The United States asserts that there is no duplicitous count, and that Defendant's argument about alleging separate cash deposits in one count is incorrect as a matter of law.

A count in an indictment is duplicitous where it "charges two or more separate and distinct offenses." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) (quoting *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997)). Defendant provides no authority for her argument that multiple acts of alleged unlawful structuring of transactions may not be charged in one count of an indictment. Indeed, courts that have considered the issue have determined that, where a defendant is charged with structuring numerous transactions to disburse one "cash hoard," it is improper to charge the separate transactions comprising that enterprise in multiple counts. *See, e.g., United States v. Davenport*, 929 F.2d 1169, 1171-73 (7th Cir. 1991). These courts reason that the unlawful "structuring" of transactions is the "unit of crime" to be alleged in the indictment, not the discrete deposits

6

or other transactions utilized to execute the unlawful structuring. *See id.* ("The statute does not forbid the making of deposits. It forbids the structuring of a transaction.").

Here, the Superseding Indictment alleges that, over the span of a week in 2006, Defendant made four deposits, aggregating to just under $40,000, in order to avoid the reporting requirement. Superseding Indictment (Doc. #21) at 3. While the Superseding Indictment does not explicitly state that the $39,513.00 deposited by Defendant represented a "single source" or "cash hoard," and while there does not appear to be any strict requirement that the Indictment so allege, the timing of the deposits identified in the Superseding Indictment indicates as much. Accordingly, because Count One charges Defendant with structuring a transaction to avoid the reporting requirement by executing four deposits at just below the reporting threshold, the Count is not duplicitous. Defendant's claim that any counts of the Superseding Indictment should be dismissed on duplicity grounds is without merit and due to be denied.

    **C.**    **Whether Count Two improperly joins offenses.**

Defendant next claims that "[b]ecause Count Two attempts to enjoin [sic] three or four separate conspiracies to potentially violate four separate criminal statutes, such joinder in Count Two is also in violation of Rule 8(a) of the Federal Rules of Criminal Procedure." Def.'s Mot. (Doc. #35) at 5. The United States maintains that there is no improper joinder of offenses.

The Court has already addressed Defendant's argument that Count Two fails to state a claim. It is unclear how Count Two improperly joins several "conspiracies" where it

7

alleges only one crime, conspiring to defraud the United States. Thus, the Court construes Defendant's claim as an argument that the Superseding Indictment, across all of the counts, improperly joins offenses into one indictment. "Rule 8(a) allows for joinder of offenses 'if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" *United States v. Galdos*, 308 F. App'x 346, 357 (11th Cir. 2009) (quoting Fed. R. Crim. P. 8(a)). There is no improper joinder of offenses in this case. The Superseding Indictment describes an overarching scheme to impede the United States in its efforts to collect due income taxes and otherwise defraud the United States. Each of the counts in the Superseding Indictment alleges criminal activity undertaken as part of that broader scheme, including structuring financial transactions to avoid reporting requirements (Count One), conspiring to defraud the United States in its efforts to collect federal income taxes (Count Two), and tax evasion (Counts Three - Five). Considering the apparent relation of these counts, and the lack of probative argument by Defendant, the Court finds that joinder of the counts in the Superseding Indictment was proper and compliant with Rule 8(a) of the Federal Rules of Criminal Procedure.

    **D.**    **Whether there is misjoinder of parties.**

Defendant's motion appears to assert that joinder of she and her co-Defendant on the Superseding Indictment is improper because her defense is "mutually antagonistic to the co-defendant" and her inability to locate the co-Defendant precludes her from proving this fact to the Court, and because there is the potential for "spillover" in that the jury may be so

inflamed by her co-Defendant's conduct that it will prevent the jury from making "an individualized determination as to . . . Defendant." Def.'s Mot. (Doc. #35) at 6. Defendant presents no authority for her position that any purported misjoinder of parties warrants dismissal of the Indictment. Indeed, her brief contends "a motion to sever should be granted." *Id.* Moreover, Defendant filed a separate Motion to Sever (Doc. #38) at the time she filed her Motion to Dismiss. However, Defendant later filed a Motion to Withdraw (Doc. #53) the Motion to Sever, with leave to refile, which the Court granted on April 4, 2011. *See* Order (Doc. #57). Defendant's co-Defendant has been arrested and arraigned and Defendant has not renewed her request to sever. Accordingly, the Court finds that the request to sever has been waived for the time being and, in any event, any improper joinder of Defendants does not warrant the extreme remedy of dismissal of the Superseding Indictment.

    **E.**    **Defendant's charge of vindictiveness.**

In her motion, Defendant claims "[f]or aught it appears the Superseding Indictment adding new charges to the existing Indictment increases the potential penalty and violates the due process clause of the United States Constitution because, from the face of the Indictment, it is obvious that the Government obtained the new charges out of vindictiveness." Def.'s Mot. (Doc. #35) at 2. Defendant's "Memo Brief," included in the motion, does not address this allegation of vindictiveness or explain how such vindictiveness is apparent from the face of the Superseding Indictment.

"A prosecutor may seek a superseding indictment at any time prior to a trial on the merits, so long as the purpose is not to harass the defendant. As a general rule, as long as the

9

prosecutor has probable cause to believe the accused has committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute. However, a superseding indictment adding new charges that increase the potential penalty would violate due process if the prosecutor obtained the new charges out of vindictiveness. Vindictiveness in this context means the desire to punish a person for exercising their rights." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) (internal citations and quotations omitted).

Defendant does not explain the basis for her charge of vindictiveness. Defendant does not explain how her exercise of any legal right caused the United States to obtain the Superseding Indictment. The record certainly does not permit such an inference. Defendant was arraigned on the original Indictment on January 28, 2011, and the Superseding Indictment was entered on February 17, 2011. The only intervening motion filed by Defendant during that time was a Motion to Continue (Doc. #15), filed on February 11, 2011, which the Government did not oppose. Thus, it cannot reasonably be found that the Government obtained the Superseding Indictment in this case out of a desire to punish Defendant for the exercise of her legal rights. Moreover, even if it could be determined that Defendant had exercised some legal right prior to the Superseding Indictment, "'proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the *pretrial* context.'" *Barner*, 441 F.3d at 1316 (emphasis in original) (quoting *United States v. Miller*, 948 F.2d 631, 633 (10th Cir. 1991). Given Defendant's utter failure to substantiate her conclusory allegation of vindictiveness, and no inference of such being justified on the record before the Court, Defendant's claim

10

that the Superseding Indictment should be dismissed due to prosecutorial vindictiveness is due to be denied.

### F.     Whether the Superseding Indictment impermissibly broadens the scope of the conspiracy alleged in the original Indictment.

Defendant's final claim is that the "Superseding Indictment broadens the alleged conspiracy to a period of 11 years, allegedly having begun on November 1, 2000, and continued until February 17, 2011. Such a time period is overly broad, impossible to defend and prejudicial to the Defendant." Def.'s Motion (Doc. #35) at 2. This constitutes the entirety of Defendant's argument in this regard. Defendant's "Memo Brief" does not address this contention or otherwise provide any substantiation for her claim that she is unable to defend herself and is prejudiced by the purported overbroad time period set forth in the Superseding Indictment. Defendant's motion relies upon a single Eleventh Circuit case, *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001), which addressed whether a superseding indictment had broadened or substantially amended the original indictment such that the original indictment did not toll the statute of limitations for the offenses set forth in the superseding indictment. Considering her reliance on *Ratcliff*, it is important to recognize that Defendant has not contended that any of the counts of the Superseding Indictment are barred by the statute of limitations.

In this case, there is no "conspiracy" alleged in the original Indictment which could have been broadened by the Superseding Indictment. Rather, the original Indictment only charged Defendant with structuring transactions to avoid reporting requirements, a charge

11

that was simply restated in the Superseding Indictment. Thus, that charge was not "broadened" or "substantially amended" at all. The Superseding Indictment merely charges four additional counts, including conspiracy to defraud the United States and three counts of tax evasion. These are new charges, and there is, of course, no bar to the Government's simple act of superseding an indictment in order to present new but related criminal charges. *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985) (remarking that "a prosecutor may seek a superseding indictment at any time prior to trial on the merits, so long as the purpose is not to harass the defendant" and finding that the addition of new charges, which do not "broaden or amend the original charges," is permissible). Accordingly, Defendant's claim that the Superseding Indictment should be dismissed, not because it is time-barred but, rather, because it purportedly broadens the scope of a "conspiracy" that is not even alleged in the original Indictment, is without merit and due to be denied.

## IV. CONCLUSION

For the reasons given above, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss Indictment (Doc. #35) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by June 20, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of June, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE